UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**FILED**

JUL 3 0 2010

Clerk, U. S. District Court
Eastern District of Tennessee
At Winchester


| | | |
|---|---|---|
| **SCHMIEDE CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-52 |
| | ) | Mattice / Lee |
| **FEDERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Federal Insurance Company ("Defendant") hereby removes the above-referenced action from the Chancery Court for the State of Tennessee, 14th Judicial District, to the United States District Court for the Eastern District of Tennessee, Winchester Division. In support of this removal, Defendant states as follows:

1. Plaintiff Schmiede Corporation ("Plaintiff") filed a complaint styled <u>Schmiede Corporation v. Federal Insurance Company</u>, Case No. 10-208, in the Chancery Court for the State of Tennessee, 14th Judicial District.

2. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

3. This Notice is being served and filed, in accordance with 28 U.S.C. § 1446, within 30 days of service of a copy of the initial pleading setting forth the claim upon which this action is based. A copy of all process, pleadings on file in the state court action, is attached hereto and incorporated herein as Exhibit A.

4. Defendant Federal Insurance Company is the only named and identified defendant in this action.

5. Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Tennessee, Winchester Division, is the federal district court for the district and division embracing the place where the state-court action is pending - Coffee County, Tennessee.

6. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332. At the time of the filing of the underlying complaint and at all times thereafter, complete diversity of citizenship has existed between Plaintiff and Defendant. As set forth in the underlying complaint, Plaintiff is a Tennessee corporation with its principal place of business in Coffee County, Tennessee. Defendant is an Indiana corporation with its principle place of business in New Jersey.

7. This case concerns a declaratory-judgment lawsuit regarding insurance coverage for excess- and umbrella-insurance policies issued by Defendant to Plaintiff between 1998 and 2003. The Plaintiff alleges in its complaint that each of the six policies at issue was for $5 million per occurrence/aggregate in coverage. See Complaint ¶ 3. In its prayer for relief, Plaintiff seeks: (1) a declaratory judgment regarding the pollution liability exclusion in the excess policies; (2) "a monetary judgment to the extent [Plaintiff] Schmiede incurs any loss as a result of [Defendant's] denials of coverage"; (3) an award of costs; and (4) such other relief as the court deems just. See Complaint ¶ 11.

8. The Sixth Circuit has held that "the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007). For actions seeking a declaratory judgment, amount in controversy is measured by "the value of the object of the litigation." Northup Properties, Inc. v. Chesapeake Appalachia, LLC, 567 F.3d 767, 770 (6th Cir. 2009).

2

9. In the present case, six insurance policies constitute the "object of the litigation," each policy having a $5 million per occurrence coverage/aggregate coverage, for a total of $30 million of insurance coverage relating to underlying lawsuits against various companies that allegedly exposed Lockheed Martin employees to toxic beryllium-containing products. Because the "value of the object of the litigation" is as much as $30 million, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is present, exclusive of interest and costs.

10. In accordance with 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of the filing of this Notice of Removal. Likewise, a notice of this removal is being filed with the clerk of the Chancery Court for the State of Tennessee, 14th Judicial District, a copy of which is attached hereto as Exhibit B.

11. By filing this Notice of Removal, Defendant does not waive its right to object to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or any other applicable defenses.

Based on the foregoing, Defendant Federal Insurance Company notices removal of this case to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted this 29th day of July, 2010.

---

William B. Jakes III (#10247)
HOWELL & FISHER, PLLC
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Attorney for Federal Insurance Company

3

## CERTIFICATE OF SERVICE

I certify that I have on July 29, 2010, served a copy of the foregoing by United States Mail, postage prepaid and addressed as follows:

> D. Alexander Farbon, Esq.
> Harwell Howard Hyne
>   Gabbert & Manner, P.C.
> 315 Deaderick St., Suite 1800
> Nashville, TN 37238

_____
William B. Jakes, III