IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
14th JUDICIAL DISTRICT

SCHMIEDE CORPORATION, )
)
    Plaintiff, )
)
v. ) Case No. 10-208
)
FEDERAL INSURANCE COMPANY, )
)
    Defendant. )

## COMPLAINT

Schmiede Corporation ("Schmiede") for its Complaint against Federal Insurance Company ("Federal") alleges as follows:

1. Schmiede is a Tennessee corporation that operates a business in Coffee County, Tennessee.

2. Federal is an Indiana corporation engaged in the insurance business. Federal is one of the "Chubb Group" of insurance companies.

3. Federal issued Schmiede these excess and umbrella insurance policies (the "Excess Policies"):

| Policy Number | Period | Coverage |
|---|---|---|
| 7945-60-15 | 01/01/98-01/01/99 | $5 million per occurrence / aggregate |
| 7945-60-16 | 01/01/99-01/01/00 | $5 million per occurrence / aggregate |
| 7945-60-16 | 01/01/00-01/01/01 | $5 million per occurrence / aggregate |
| 7945-60-16 | 01/01/01-01/01/02 | $5 million per occurrence / aggregate |
| 7945-60-16 | 01/01/02-01/01/03 | $5 million per occurrence / aggregate |
| 7945-60-16 | 01/01/03-01/01/04 | $ million per occurrence / aggregate |

EXHIBIT A

Schmiede paid Federal in full the premiums due for each of the Excess Policies and has otherwise fully complied with all the terms and conditions of the Excess Policies.

4. In 2004, a group of plaintiffs filed suit against Schmiede (the "2004 Lawsuit"). The current style of the 2004 Lawsuit is <u>Neal Parker, et al. v. Brush Wellman, Inc., et al.</u>, U.S. District Court, Northern District of Georgia, No. 1:04-CV-0606. The plaintiffs in the 2004 Lawsuit allege that, in the course of employment with Lockheed Martin, they (or, in the case of some of the plaintiffs, their family members) were exposed to beryllium-containing products manufactured by Schmiede and/or others. The plaintiffs in the 2004 Lawsuit claim injury and loss due to this alleged work-place exposure to products containing beryllium.

5. Schmiede gave Federal timely notice of the 2004 Lawsuit.

6. By letter dated June 3, 2004, Federal informed Schmiede that Federal had "concluded that no coverage will apply." A copy of Federal's June 3, 2004 letter is attached as Exhibit A and incorporated by reference.

7. Federal based its denial of coverage on an exclusion for "pollution liability." Such exclusions are intended to shield insurance companies from the enormous potential exposure associated with environmental litigation. The "pollution liability" exclusion at issue was not intended to, and does not, apply to claims such as those made by the plaintiffs in the 2004 Lawsuit.

8. In 2008, a group of plaintiffs filed suit against Schmiede (the "2008 Lawsuit"). The current style of the 2008 Lawsuit is <u>Timothy P. Berube, et al. v. Brush Wellman, Inc., et al.</u>, U.S. District Court, Northern District of Georgia, No. 1:08-CV-2725. The plaintiffs in the 2008 Lawsuit allege that, in the course of their employment with Lockheed Martin, they were exposed to beryllium-containing products manufactured by Schmiede and/or others. The plaintiffs in the

plaintiffs in the 2008 Lawsuit claim injury and loss due to this alleged work-place exposure to products containing beryllium.

9. Schmiede gave Federal timely notice of the 2008 Lawsuit.

10. By letter dated April 24, 2009, Federal informed Schmiede that Federal had "concluded that its coverage position is the same as that stated in its correspondence dated June 3, 2004...". A copy of Federal's April 24, 2009 letter is attached as Exhibit B and incorporated by reference.

11. Schmiede believes the claims asserted against it in the 2004 Lawsuit and the 2008 Lawsuit are without merit. Schmiede has denied, and is contesting, those claims. Federal, however, does not have a legitimate basis for denying Schmiede the full protection of the insurance for which Schmiede paid Federal. Federal's denials of coverage for the 2004 Lawsuit and the 2008 Lawsuit constitute an anticipatory breach of Federal's contractual obligations to Schmiede under the Excess Policies. Schmiede is entitled to a declaration from the Court, pursuant to Tennessee Code Annotated Sections 29-14-101 to -113, that Federal may not use the "pollution liability" exclusion in the Excess Policies to deny coverage for the claims asserted in the 2004 Lawsuit and the 2008 Lawsuit.

WHEREFORE, Schmiede respectfully requests a declaratory judgment that Federal may not use the "pollution liability" exclusion in the Excess Policies to deny coverage for the claims asserted in the 2004 Lawsuit and the 2008 Lawsuit; a monetary judgment to the extent Schmiede incurs any loss as a result of Federal's denials of coverage; an award of costs; and such other relief as the Court deems just.

3

Respectfully submitted,

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

By: _____
D. Alexander Fardon (No. 13787)
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
Telephone: 615-256-0500
Facsimile: 615-251-1058
Email: daf@h3gm.com

*Attorneys for the Schmiede Corporation*

4

EXHIBIT A

Case 4:10-cv-00052-HSM-SKL   Document 1-1   Filed 07/30/10   Page 4 of 11   PageID #: 8

June 3, 2004

CERTIFIED MAIL – RRR
#7002 3150 0001 6416 4329

Mr. Mike Butler
Schmeide Corporation
P.O. Box 1630
Tullahoma, TN 37388

Re: No. 1:04-CV-0606; *Neal Parker, et al v. Brush Wellman, Inc., et al*; US District
Court, Northern District of Georgia, Atlanta Division
Our File Number: 7945-60-16/001
Policyholder: Schmeide Corporation
Company: Federal Insurance Company ("Federal")

Dear Mr. Butler,

This correspondence will provide you with Federal's position regarding coverage for the above matter, in which the plaintiffs allege that they have been exposed to and injured by beryllium due to their use of beryllium-containing products at the Lockheed facility in Marietta, Georgia. The plaintiffs' Complaint, originally filed in the Superior Court of Fulton County, Georgia, alleges that Schmiede (sic) Machine and Tool Corporation and various other defendants were *"manufacturers, fabricators, distributors, or machiners of beryllium-containing products sold to and used at the Lockheed Marietta facility"*. The plaintiffs seek to establish a class action and seek damages as well as medical monitoring.

We have reviewed the following policies issued by Federal to Schmeide Corporation:

| Policy | Period | Limits |
|---|---|---|
| 7945-60-15 | 01/01/1998-01/01/1999 | $5 million per occurrence/aggregate |
| 7945-60-16 | 01/01/1999-01/01/2000 | $5 million per occurrence/aggregate |
| 7945-60-16 | 01/01/2000-01/01/2001 | $5 million per occurrence/aggregate |
| 7945-60-16 | 01/01/2001-01/01/2002 | $5 million per occurrence/aggregate |
| 7945-60-16 | 01/01/2002-01/01/2003 | $5 million per occurrence/aggregate |

Based upon our review of this matter and the policies, we have concluded that no coverage will apply. This will be outlined further below.

June 3, 2004
Mr. Mike Butler
Page 2

The policies listed above provide coverage in two sections, Coverage A and Coverage B. Coverage A follows form to the wording of the scheduled underlying insurance, to the extent that Coverage A is silent, and would not apply until the limits available in the underlying policies have been exhausted by payment of covered claims. Accordingly, until a covered loss exceeds the limits available in the underlying policies, Coverage A will not be subject to a claim.

Coverage B provides coverage for damages with respect to liability loss in excess of the retained limit or the amount payable by any other insurance because of bodily injury which occurs during the Policy Period and is caused by an occurrence. Coverage B will not respond to any matter which is covered by underlying insurance even if the limits of the underlying insurance are exhausted.

The following definitions, applicable to Coverage B and quoted in pertinent part where applicable, are included in the policies issued between January 1, 1998 and January 1, 2002.

> **Bodily injury** means physical injury, sickness or disease to a person and, if arising out of the foregoing, mental anguish, mental injury, shock or humiliation, including death at any time resulting therefrom.

> **Occurrence** means:
>
> 1. with respect to bodily injury or property damage liability, an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The policy in effect from January 1, 2002 to January 1, 2003 includes the following definitions, pertaining to Coverage B:

> *Bodily Injury*   Bodily injury means physical:
>
> - injury;
> - sickness; or
> - disease;
>
> Sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time. All such loss shall be deemed to occur at the time of the physical injury, sickness or disease that caused it.

*Occurrence*          Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Please note that bodily injury must occur during the effective dates of one of the policies for that policy to apply. In this matter, it is unclear whether bodily injury occurred during the effective dates of any of the policies. In addition to the coverage position set forth in this correspondence, Federal reserves the right to address this issue further at a later date, should additional information become available.

Each of the policies at issue in this correspondence includes exclusionary language as to matters arising out of pollution or pollutants. These exclusions are applicable to Coverage A and Coverage B, and serve to bar coverage for this matter. In the interest of brevity, we will not cite each of these exclusions but instead will quote one of them as an example and refer you to the policies for the exact wording of each exclusion. The policies in effect from January 1, 1998 to January 1, 2002 include the following exclusion, applicable to Coverage A, by endorsement:

**THIS POLICY IS SUBJECT TO THE FOLLOWING ENDORSEMENT**

Under "Exclusions", "Applicable to Coverage A Only", the exclusion titled "Pollution Liability" is deleted and replaced with the following:

Pollution Liability

1. any liability arising out of the actual, alleged or threatened discharge, dispersal, migration, seepage, release or escape of pollutants.

2. any loss, cost or expense arising out of any:

   a. request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

   b. claim or suit by or on behalf of any governmental authority or others for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to, or assessing the effects of pollutants.

As used in this exclusion, pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, reclaimed or disposed of.

June 3, 2004
Mr. Mike Butler
Page 4

>    This exclusion applies whether or not the pollution was sudden, accidental, gradual, intended, expected, unexpected, preventable or not preventable.

The plaintiffs in this matter are seeking funds for medical monitoring. It is Federal's position that medical monitoring does not fall within the policy definition of bodily injury. Federal reserves the right to raise this as an additional bar to coverage at a later date.

Please note that Coverage A follows form to the terms and conditions of the underlying primary insurance whereas Coverage B will not respond to any matter which is insurable under the terms and conditions of the underlying primary insurance. As we do not have copies of the underlying primary policies at this time, we must reserve the right to raise additional coverage defenses at a later date, based upon our review of the terms and conditions of same.

Please be advised that our position concerning this matter is based on the information currently available. Should you have any questions with regard to our position please feel free to contact the undersigned at (800) 873-0777 or (214) 754-8584.

Sincerely,


Robert Townsend
Environmental Examiner

RT.em

EXHIBIT B



# CHUBB GROUP OF INSURANCE COMPANIES

2001 Bryan Street. Suite 3400, Dallas, TX 75201-3068  Phone: (214) 754-0777

April 24, 2009

CERTIFIED MAIL – RRR
#7008 1140 0002 9778 1557

Mr. Mike Butler
Schmeide Corporation
P.O. Box 1630
Tullahoma, TN 37388

BB&T INSURANCE SERVICES
DIV. 22 NASHVILLE, TN.
RECEIVED
APR 3 0 2009
CONFIDENTIAL

Re: No. 1:08-CV-2725; *Timothy Berube, et al v. Brush Wellman, Inc., et al*; US
District Court, Northern District of Georgia, Atlanta Division
Our File Number:   7945-60-16/001
Policyholder:           Schmeide Corporation
Company:             Federal Insurance Company ("Federal")

Dear Mr. Butler,

Federal acknowledges receipt of a copy of the Complaint for Damages filed in the above matter, in which the plaintiffs allege injury arising out of exposure to beryllium contained in products used at the Lockheed facility in Marietta, Georgia.

Federal has reviewed this matter and has concluded that its coverage position is the same as that stated in its correspondence dated June 3, 2004, a file copy of which is attached for your review.

Should you wish to discuss this further, please feel free to contact the undersigned at (800) 873-0777 or (214) 754-8584.

Sincerely,

Robert Townsend
Environmental Examiner

Cc:   Ms. Judy Andrews
        BBB&T Insurance Services
        4400 Harding Rd., Suite 400
        Nashville, TN 37205

EXHIBIT A

| CHANCERY COURT SUMMONS | | MANCHESTER, TENNESSEE |
|---|---|---|
| STATE OF TENNESSEE - COUNTY OF COFFEE 14TH JUDICIAL DISTRICT | | FILE CHANCERY COURT COFFEE COUNTY, TN JUN 01 2010 |

SCHMIEDE CORPORATION,

**Plaintiff**

vs.

FEDERAL INSURANCE COMPANY

FILE NO. 10-208  TIME 12:00 AM/PM

**RECEIVED**

JUL 12 2010

CHANCERY COURT
COFFEE COUNTY, TN

**Defendant**

To the above named Respondent: Federal Insurance Company
c/o TN Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

You are summoned to appear and defend a civil action filed against you in Chancery Court, Coffee County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Petitioner's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint

ISSUED: June 1, 2010

CHARLOTTE V. BROYLES, CLERK & MASTER

By _____
Deputy Clerk

ATTORNEY FOR PETITIONER

or

PETITIONER'S ADDRESS

D. Alexander Fardon
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800, Nashville, TN 37238

**NOTICE**

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of this list. Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. 26-2-114)

TO THE SHERIFF: Please execute this summons and make your return hereon as provided by law.

CHARLOTTE V. BOYLES, CLERK & MASTER

BY _____, D.C.

Received this summons for service this _____ day of _____, 2008

_____
Officer

EXHIBIT A

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**


RECEIVED
JUL 12 2010
CHANCERY COURT
COFFEE COUNTY, TN
TIME 8:30 AM/PM

July 07, 2010

Federal Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 20281

Certified Mail
Return Receipt Requested
7009 2820 0003 2647 8484
Cashier # 4078

Re: Schmiede Corporation V. Federal Insurance Company

Docket # 10-208

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served June 30, 2010, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Coffee County
300 Hillsboro Blvd, Box 8
Manchester, Tn 37355

EXHIBIT A